UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS FIGUEROA,

                      Petitioner,
   v.                                                      9:20-CV-1517
                                                              (GLS/ML)

STANLEY LOVETT, Warden,

                      Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

LUIS FIGUEROA
Petitioner, pro se
16277-069
COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1032
COLEMAN, FL. 33521

HON. CARLA B. FREEDMAN                EMER M. STACK, ESQ.
United States Attorney for the                Ass't United States Attorney
Northern District of New York
Attorney for Respondent
100 S. Clinton St.
Suite 9000
Syracuse, N.Y. 13261

MIROSLAV LOVRIC
United States Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

## I.   INTRODUCTION

     Petitioner Luis Figueroa ("Petitioner") seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  On December 11, 2020, this action was administratively closed due to Petitioner's failure to properly commence it.

1

Dkt. No. 2, Order Directing Administrative Closure. Petitioner was advised if he desired to pursue this action he must so notify the Court and, within thirty days of the Order, either: (1) pay the filing fee of five dollars, or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application. *Id*. at 2. Petitioner subsequently paid the filing fee and the case was reopened. Dkt. Entry dated 01/07/2021 (identifying receipt information for the filing fee transaction); Dkt. No. 3, Text Order (restoring action to the Court's active docket). Respondent opposed the petition. Dkt. No. 6, Response to Petition; Dkt. No. 6-1, Magnusson Declaration ("Decl."); Dkt. No. 6-2, Exhibits ("Ex."). Petitioner submitted a reply. Dkt. No. 8, Traverse.

## II.  RELEVANT BACKGROUND

On March 31, 2003, Petitioner was convicted of one count of Conspiracy to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846, following a jury trial in the United States District Court for the District of New Jersey. Ex. at 6.[1] Petitioner was sentenced to a 420 month term of imprisonment to be followed by five years' supervised release and committed to the custody of the United States Bureau of Prisons ("BOP"). Ex. at 7-8. The District of New Jersey also imposed a fine of $10,000.00 and ordered:

> This fine to [be] due immediately. It is recommended that [Petitioner] participate in the Bureau of Prisons Inmate Financial Responsibility Program [("IFRP" or "FRP")]. In the event the fine is not paid prior to the commencement of supervision, [Petitioner] shall satisfy the amount due in monthly installments of no less than $105 over a period of 20 years to commence 30 days after the release from custody.

---

[1] Citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Ex. at 10.

On June 18, 2018, while incarcerated at the Federal Correctional Institution ("FCI") in Ray Book, New York, Petitioner signed an Inmate Financial Plan agreement. Ex. at 28-29.  Petitioner agreed to submit monthly payments, in an amount of $200.00, beginning in July of 2018, towards satisfaction of his financial obligation with a then balance of $7,575.00.  Ex. at 28-29.  Records indicate Petitioner made three payments in the amount of $200.00 on July 10, August 7, and September 11, 2018, and one partial payment of $83.71 on October 10, 2018.  Ex. at 31.  On or about November 17, 2018, Petitioner's FRP status was changed to "Refusal" with a $6,891.29 obligation remaining.  Ex. at 31.

On June 6, 2019, Petitioner signed another Inmate Financial Plan agreement, under which he would make monthly payments, in an amount of $25.00, beginning in July of 2019.  Ex. at 33-34.  Petitioner subsequently made three payments of $25.00 on July 9, August 6, and October 8, 2019.  Ex. at 36.  Following an additional– and final – payment of $25.00 on May 12, 2020, Petitioner's status was again changed to "Refusal" on or about June 10, 2020, with a balance of $6,666.29 remaining.  Ex. at 38.

At the time he commenced this action, Petitioner had filed four Administrative Remedy Program submissions, including one labeled a "Req[uest] for IFRP Exemption." Ex. at 41-42; *see also* Decl. ¶ 14.  Records indicate this submission was received in December of 2018 and rejected on February 7, 2019, due to Petitioner's failure to file a BP-9 Request through the FCI prior to submitting a filing to the Regional Level.  Decl. ¶ 14; *see also* Ex. at 41.

**III.   PETITION**

3

Petitioner commenced the instant action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pet.  Petitioner avers "the FBOP has encumbered [Petitioner]'s funds" by implementing a payment schedule "thus altering the sentencing court's sentence and usurping its authority in contravention of Article III of the United States Constitution."  Pet. at 1 (citation omitted).  Petitioner seeks "an order directing the FBOP to immediately cease encumbering [Petitioner's] funds and" asks the Court to "declare the FRP unconstitutional because it permits the FBOP to perform a judicial function in violation of constitutionally mandated separation of powers."  Pet. at 4.  Respondent contends Petitioner's challenge to the IFRP is both unexhausted and meritless.  Dkt. No. 6 at 8-16.

## IV.   DISCUSSION

Assuming, *arguendo*, this claim is properly brought under 28 U.S.C. § 2241,[2] Petitioner's challenge to the IFRP is meritless.[3]  Petitioner challenges the sentencing court's alleged delegation of its sentencing authority to the BOP, arguing:

---

[2] *See McWilliams v. Schult*, No. 9:07-CV-1172 (DNH/VEB), 2008 WL 10655335, at *2 (N.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, No. 9:07-CV-1172, 2008 WL 5057179 (N.D.N.Y. Nov. 24, 2008) (noting, with respect to Petitioner's claim "that the District Court improperly delegated its obligation to set forth a particular payment schedule" that said "challenge relates to the sentence itself, rather than to the execution of the sentence" therefore, "it would appear that this claim should have been raised either on direct appeal or via a § 2255 motion before the sentencing court."); *Foley v. Martinez*, No. 2:11-CV-0136, 2011 WL 6026166, at *2-4 (D. Vt. Dec. 1, 2011) (collecting cases in support of the proposition that, in the Second Circuit, impermissible delegation claims have been heard as both § 2241 and a § 2255 petitions).

[3] Respondent also argues Petitioner failed to either properly exhaust his administrative remedies or demonstrate he was not required to do so.  *See* Dkt. No. 6 at 8-11.  The Second Circuit has recognized limited exceptions to the exhaustion requirement where, as here, exhaustion is not statutorily mandated and, *inter alia*, "available remedies provide no genuine opportunity for adequate relief; . . . [or] administrative appeal would be futile[.]"  *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996) (quoting *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995))).  Petitioner argues "the [FBOP] lacks the authority to grant the type of relief requested" therefore "further use of the administrative remedy program within the FBOP [would be] beyond futile."  Traverse at 2 (internal quotations and citations omitted).  Petitioner's Traverse can be liberally construed as arguing the "futility" and "incapability" exceptions to the exhaustion requirement are applicable in the instant matter.  While Respondent has correctly identified that the Second Circuit rejected both the argument that exhaustion of administrative remedies was not necessary because "the IFRP d[id] not 'relate[ ] to any

> The sentencing court imposed a fine to be paid pursuant [to] a very specific schedule, i.e., "in monthly installments of no less [than] $105 over a period of 20 years to commence 30 days after release from custody." . . . [Yet] the FBOP has used its FRP to encumber [Petitioner]'s funds and require him to pay $128.98 per month . . . The FBOP's . . . dictat[ion of] its own terms of payment violates the Separation of Powers doctrine . . . Neither Congress . . . nor . . . the FBOP[] may alter the terms imposed by the sentencing court.

Pet. at 2 (citation omitted); *see also* Traverse at 2 ("the FBOP's use of its FRP program to arbitrarily schedule payment of the court order in this case must cease because the court had no authority to delegate such determinations to the FBOP.") (citing *United States v. Workman*, 110 F.3d 915, 918-19 (2d Cir. 1997); *United States v. Mortimer*, 94 F.3d 89, 90-91 (2d Cir. 1996)).

A federal court ordering restitution "shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid[.]"  18 U.S.C. § 3664(f)(2).  Section 3572 provides, in part, "[a] person sentenced to pay . . . restitution[] shall make such payment immediately, unless,

---

aspect of [petitioner's] imprisonment'" and the "blanket assertion that constitutional claims are exempt from the administrative exhaustion requirement"– *see Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2d Cir. 1990) –it further observed that "[b]ecause administrative remedies [we]re available to [the petitioner], his constitutional claims are not exempt from administrative exhaustion requirements, *except to the extent that the administrative procedures are incompetent to provide redress*, for example, to redress a challenge to the constitutional validity of a statute or regulation." *Johnpoll*, 898 F.2d at 851 (citing *Finnerty v. Cowen*, 508 F.2d 979, 981-83 (2d Cir. 1974)) (emphasis added).  Concerning the petitioner's challenge to the constitutionality of the IFRP, the Second Circuit noted "[a]dministrative authorities are not competent to address such claims, and no useful function would be served by administrative factfinding." *Id*.  This language suggests challenges to the constitutionality of the IFRP may fall within one of the exceptions to §2241's judicially imposed exhaustion requirement as Petitioner avers.  However, because Petitioner's challenge to the constitutionality of the IFRP is plainly meritless, the undersigned will not further address the exhaustion issue– namely, whether Petitioner's failure to exhaust administrative remedies with respect to his constitutional challenge to the IFRP may be excused.  *See Rosario-Santiago v. Pliler*, No. 1:21-CV-3202, 2022 WL 2990739, at *1 n.1 (S.D.N.Y. July 28, 2022) (concluding "[i]t [wa]s not necessary to address the exhaustion issue in" denying a petition for a writ of habeas corpus brought pursuant 28 U.S.C. § 2241) (citing *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) ("the PLRA exhaustion requirement is not jurisdictional . . . thus allowing a district court to dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies.")).

in the interest of justice, the court provides for payment on a date certain or in installments." *Id*. § 3572(d)(1). In the event the court imposing restitution "provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." *Id*.

Put another way, a court imposing payment of restitution need not require that restitution be paid immediately but must establish a payment schedule where immediate payment of restitution is not ordered. Accordingly, the Second Circuit has prohibited sentencing courts from delegating to another entity the court's authority to establish a payment schedule. *See Workman*, 110 F.3d at 919 ("[w]hile § 3572(d) allows the court to override the statute's default schedule and to fashion its own schedule, it does not permit the court to delegate scheduling to other authorities."); *Mortimer*, 94 F.3d at 90-91 (vacating Petitioner's sentence with respect to restitution where the sentencing court imposed "$28,333.50 in restitution" and ordered "[w]hile in custody, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program and make restitution in accordance with the policies of that program."). However, this prohibition on delegation is inapplicable where the sentencing court declines to provide for payment in installments and instead imposes a fine "due immediately." *See, e.g.*, *United States v. McCarroll*, 166 F.3d 1202, 1998 WL 852914, at *1 (2d Cir. 1998) (noting, "if a district court exercises its discretion to waive the requirement that a fine or restitution be due immediately, the court may not then delegate to the BOP the duty to set a schedule for the payment of the obligation" but finding there was "no improper delegation by the district court of its exclusive authority to determine a schedule for the payment of those assessments" where the sentencing court ordered "special

6

assessments were *due immediately*" because "the BOP [wa]s merely using the IFRP to *collect* [the] special assessment, just as it would any other delinquent debt owed by him.") (Unpublished Disposition, additional emphasis added).

In this case, the sentencing court ordered that Petitioner "shall pay a fine of $10,000.00 . . . *due immediately*" but "*recommended* that [Petitioner] participate in the [BOP IFRP]" and specified that "*[i]n the event the fine is not paid prior to the commencement of supervision*, [Petitioner] shall satisfy the amount due in monthly installments of no less than $105 over a period of 20 years to commence 30 days after the release from custody." Ex. at 10 (emphasis added). Significantly, the District of New Jersey both ordered the fine be "due immediately" and merely recommended, as opposed to required, that Petitioner participate in the IFRP. Accordingly, the sentencing court did not improperly delegate its authority to schedule payment of restitution. *Solis v. Menifee*, No. 1:99-CV-9072, 2000 WL 1401633, at *2 (S.D.N.Y. Sept. 25, 2000) (concluding "[t]he sentencing court's judgment contain[ed] no delegations to the BOP" and *Workman*'s prohibition of delegation was inapplicable where the sentencing court "imposed a fine and special assessment, ordered that [Petitioner] *pay* both '*immediately*,' and *recommended (but did not mandate) that [Petitioner] participate in the IFRP* to satisfy that obligation.") (emphasis added); *McWilliams*, 2008 WL 10655335, at *3 ("where, as here, the sentencing court imposes a fine with payment 'due immediately,' the court may properly delegate the determination of the collection schedule.") (collecting cases); *United States v. Maisonet*, No. 1:05-CV-7845, 2005 WL 3527150, at *2 (S.D.N.Y. Dec. 22, 2005) ("[w]here, as here, a court imposes a fine making payment 'due immediately' . . . there is no impermissible delegation and the

BOP may establish its own procedures . . . for collection of the court ordered fines and assessments.") (internal quotations and citations omitted).

Moreover, to the extent Petitioner contends the IFRP is wholly unconstitutional– *see* Pet. at 4 ("[Petitioner] requests this Honorable Court issue an order . . . and declare the FRP unconstitutional . . . . ") –he is also mistaken.  Courts have consistently upheld the IFRP's constitutionality notwithstanding the negative consequences if an inmate declines to participate in the program.  *McWilliams*, 2008 WL 10655335, at *5 ("[t]o the extent that Petitioner challenges the constitutionality of the IFRP, that issue has already been conclusively determined by the Second Circuit, which has upheld the IFRP, despite its negative consequences for inmates who refuse to participate[.]") (citing *Johnpoll*, 898 F.2d at 851; *Karacsonyi v. Radloff*, 885 F. Supp. 368, 370 (N.D.N.Y. 1995)); *see also Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. 2008) (noting "[e]very [circuit] court to consider a challenge to the IFRP's constitutionality has upheld it.") (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C. Cir. 1992); *Johnpoll*, 898 F.2d at 851; *United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993)).  Therefore, any claim that the IFRP is unconstitutional is without merit.

Finally, Petitioner's claim that the BOP has "encumbered" his funds– *see, e.g.*, Pet. at 2 ("the FBOP has used its FRP to encumber [Petitioner]'s funds . . . ") –by refusing to accept his "offer to pay $25 per month" is also meritless.  The IFRP, set forth in 28 C.F.R. § 545.10 *et seq.*, provides that a "unit team shall review an inmate's financial obligations" and develop a "financial plan" based on a formula to help the inmate meet his financial obligation.  28 C.F.R. § 545.11(a)-(b); *see also Eaton v.*

8

*Recktenwald*, No. 1:13-CV-4446, 2014 WL 2200458, at *2 (S.D.N.Y. May 27, 2014) (explaining "[t]he BOP uses a formula to calculate the appropriate amount of such IFRP payments."). Petitioner's suggestion that the FBOP should accept a lesser amount than that proscribed by the formula is baseless. *See, e.g.*, *McClenton v. Menifee*, No. 1:05-CV-2844, 2006 WL 2474872, at *11 (S.D.N.Y. Aug. 22, 2006) (finding the "plaintiff's claim that he was unconstitutionally required to pay more toward IFRP than he was accustomed to is without merit.").[4]

In sum, because the District of New Jersey did not improperly delegate its authority to schedule payment of restitution and the FBOP's use of the IFRP is constitutionally sound, the instant petition should be dismissed.

## V. CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because the Petition was brought under 28 U.S.C. § 2241, therefore, a certificate of appealability is not required for Petitioner to appeal the denial of his Petition. *See Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) (holding the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to § 2241 petitions).

---

[4] *See also McClenton*, 2006 WL 2474872, at *11 (further explaining "plaintiff's claim that his placement on refusal status was unconstitutional is also without merit . . . [because while] placement on refusal status does result in the loss of certain privileges, a prisoner does not have a constitutional entitlement to these privileges.") (citing *Solis*, 2000 WL 1401633, at *2; *Karacsonyi*, 885 F. Supp. at 370) (additional citation omitted).

9

**RECOMMENDED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Petitioner, along with copies of unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[5]

DATED:   July 20, 2023

      Binghamton New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id*. § 6(a)(1)(C).